1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROLAND CAMPBELL,

Plaintiff,

v.

TODD M. MCMAHON, et al.,

Defendants.

Case No.  15-cv-00376-JSC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

(Dkt. No. 19)

## INTRODUCTION

On January 17, 2015, Plaintiff, an inmate in the Santa Clara County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Jose Police Department and San Jose Police Officers Todd M. McMahon and Jodi L. Williams for using excessive force against him during the course of his arrest.[1]  The Court found cognizable Plaintiff's claim that Officers McMahon and Williams violated his constitutional rights, and the claims against the San Jose Police Department were dismissed with leave to amend.  Plaintiff submitted an amended complaint, but it simply reiterated the allegations from the original complaint and did not make any allegations against the San Jose Police Department.  Consequently, leave to file the amended complaint was denied and the claims against the San Jose Police Department were dismissed.

McMahon and Williams have filed a joint motion for summary judgment.  Although given an opportunity to file an opposition and cautioned about the risks of failing to do so, Plaintiff has not opposed the motion.  For the reasons discussed below, the motion for summary judgment is GRANTED.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 1, 17.)

**BACKGROUND**

In his verified complaint, Plaintiff provides a brief account of the alleged use of force.  He alleges that McMahon and Williams used "unreasonable and excessive" force, which caused an injury to his left eye and left forearm.  (Compl. at 3.)  When they applied handcuffs, they cut his wrist and refused to loosen the cuffs to alleviate the pain.  (*Id.*)  Plaintiff alleges no other facts.

Williams and McMahon have submitted declarations setting forth their account of Plaintiff's arrest.  On July 6, 2014, they were driving an unmarked police car in San Jose, and were wearing plain clothes with badges and vests with clear police markings.  (McMahon Decl. ¶ 4; Williams Decl. ¶ 3.)  They saw a man riding a bicycle against the direction of traffic on South First Street.  (McMahon Decl. ¶ 5; Williams Decl. ¶ 4.)  They stopped their car, McMahon got out and told Plaintiff to stop, but Plaintiff said "no" and rode away.  (McMahon Decl. ¶¶ 6-7; Williams Decl. ¶ 4.)  McMahon and Williams followed Plaintiff in their car for a short distance, and then stopped and McMahon chased him on foot up a residential driveway, while Williams waited by their car.  (McMahon Decl. ¶¶ 8-10; Williams Decl. ¶¶ 5-6.)  Plaintiff ran around the house and back to the street where Williams was waiting, and she shouted at him, "San Jose Police, get on the ground."  (McMahon Decl. ¶¶ 9-10; Williams Decl. ¶¶ 6-7.)  Plaintiff kept running, and Williams chased him.  (Williams Decl. ¶ 7.)  Plaintiff then pulled out a knife and yelled, "I have a knife!"  (McMahon Decl. ¶ 11; Williams Decl. ¶ 8.)  Williams told him to drop the knife, but instead he swung it in Williams's direction.  (McMahon Decl. ¶ 11; Williams Decl. ¶ 9.)  She knocked the knife out of his hand and told him to go to the ground, but he did not comply.  (McMahon Decl. ¶ 12; Williams Decl. ¶ 10.)

McMahon came to assist Williams, and he pulled Plaintiff, who is approximately six feet two inches tall and weighs over 250 pounds, to the ground on his stomach.  (McMahon Decl. ¶¶ 13-15; Williams Decl. ¶ 12.)  Defendants told him to show his hands, but Plaintiff kept them under him reaching toward his waistband.  (McMahon Decl. ¶¶ 15-16; Williams Decl. ¶ 13.)  McMahon kneeled on Plaintiff's back and held his head to the ground to stop him from getting up.  (McMahon Decl. ¶ 17.)  Plaintiff slowly began to pull his right arm out from under his body, and Defendants handcuffed him.  (McMahon Decl. ¶ 18; Williams Decl. ¶ 14.)

United States District Court
Northern District of California

1    Williams tried to search Plaintiff, but he repeatedly tried to reach into his pocket before

2    rolling onto his back, which caused the handcuffs to close more tightly because they were not yet

3    locked.  (Williams Decl. ¶ 15.)  She did not loosen his handcuffs until she completed a search, in

4    which she found a glass pipe and baggie with methamphetamine.  (*Id.* ¶¶ 15-16.)  Defendants then

5    walked Plaintiff to the police car where Williams loosened and double-locked the handcuffs.  (*Id.*

6    ¶ 17.)  Plaintiff told Williams that he did not need medical attention, but she noticed a small

7    scrape over his left eye and a two-inch scratch on his left arm.  (*Id.* ¶ 18.)

8    McMahon then drove Plaintiff to the San Jose Police Department's Pre-Processing Center,

9    where Plaintiff told McMahon that he had been getting high and he panicked when he saw the

10   police.  (McMahon Decl. ¶¶ 19-21; Williams Decl. ¶ 22.)  Williams again asked Plaintiff if he

11   needed medical care, but she could not understand his answer.  (Williams Decl. ¶ 23.)  He asked if

12   she could loosen his handcuffs again because he had turned his wrist, and she loosened and

13   double-locked them.  (*Id.* ¶ 24.)

14   Defendants took photographs of Plaintiff and also prepared a police report, which they

15   have attached to their declarations.  (McMahon Decl. Exhs. A, B; Williams Decl. Exh. A.)  The

16   photographs show a small scrape over Plaintiff's left eye, as well as Plaintiff's knife with a three-

17   inch blade.  (McMahon Decl. Exh. B.)  Plaintiff was charged with drug and paraphernalia

18   possession and with resisting arrest (Tolentino Decl. ¶¶ 3-4), but the parties do not indicate the

19   disposition of those charges.

20                                   **DISCUSSION**

21   **A.     STANDARD OF REVIEW**

22   Summary judgment is proper where the pleadings, discovery and affidavits show that there

23   is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

24   matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of

25   the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material

26   fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

27   nonmoving party.  *Id.*

28   The moving party for summary judgment bears the initial burden of identifying those

3

portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattret*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

**B.   ANALYSIS**

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001). Plaintiff's verified complaint may be used as an opposing affidavit under Rule 56, to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as an opposing affidavit).

Plaintiff complains that McMahon and Williams used excessive force against him during the course of his arrest. Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "To determine whether officers used excessive force during an arrest, courts balance 'the nature and quality of the intrusion on the

4

United States District Court
Northern District of California

individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (quoting *Graham*, 490 U.S. at 396). Relevant factors for consideration in this case-by-case inquiry include "the severity of the the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396). Courts also consider, in evaluating the totality of the circumstances, the "quantum of force used to arrest the plaintiff, the availability of alternative methods of capturing or detaining the suspect, and the plaintiff's mental and emotional state." *Luchtel*, 623 F.3d at 980 (citations omitted).

The account set forth in Defendants' papers show that they used reasonable force. While Plaintiff had only committed a minor traffic violation, as soon as Defendants told him to stop, he ran away and refused to comply with multiple orders to stop, to get down, to show his hands, and to be searched after handcuffing. He also brandished a knife and waved it at Williams, and he did all of this while under the influence of illegal drugs (methamphetamine). Defendants' papers show that they used an amount of force that would be reasonably necessary to detain Plaintiff under these circumstances. Specifically, kicking the knife away and bringing Plaintiff to the ground was necessary to neutralize the threat he posed and because he would not get down on his own. Holding him down with a knee to his back and holding his head to the ground was necessary because Plaintiff was still not cooperating, would not provide his hands for handcuffing, had just brandished a knife, and was reaching his hands towards his waistband where more weapons could be stored. Plaintiff's minor scrapes on his face and arm do not suggest that Defendants took him to the ground or held him there with a lot of force, and certainly no more than necessary to ensure that a still un-handcuffed, knife-wielding, belligerent and high Plaintiff would not continue to endanger them. There is also no evidence suggesting that Defendants had any other reasonable way to detain Plaintiff.

Plaintiff alleges in his complaint that the handcuffs were tight enough to cut his wrist. Even if this is true, there is no dispute that Plaintiff himself caused them to tighten when he rolled onto his back instead of onto his side for a search, as he had been ordered. There is no dispute that

1   Williams loosened them shortly afterwards when Plaintiff was escorted to the car.  It was

2   reasonable for Williams to complete her search of Plaintiff and wait for him to calm down before

3   loosening them, and there is no dispute that when he requested her to loosen them again later at

4   the station, she did so.

5          Plaintiff has presented no evidence in opposition to Defendants' motion, and the minimal

6   allegations in the verified complaint do not contradict Defendants' account of the arrest.  As their

7   papers establish that their use of force was reasonable under the circumstances, there is no triable

8   issue of fact as to whether Defendants violated Plaintiff's Fourth Amendment rights.  Accordingly,

9   they are entitled to summary judgment on these grounds.[2]

10   **CONCLUSION**

11          For the foregoing reasons, Defendants' motion for summary judgment (dkt. 19) is

12   GRANTED.

13          The Clerk shall enter judgment and close the file.

14          **IT IS SO ORDERED.**

15   Dated: November 2, 2015

16

17   *Jacqueline Scott Corley*

18   JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

19

*United States District Court*
*Northern District of California*

---

[2] The Court need not reach Defendants' alternative arguments for summary judgment.